IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSHUA RAY TYNER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-19-2529 |
| HARFORD COUNTY, Maryland, | * | |
| HARFORD COUNTY DEPARTMENT OF SOCIAL SERVICES, | * | |
| CATELIN DAGILAS, *LGSW*, | | |
| NOEL FRANCIS, *LGSW*, | * | |
| MAUREEN McKINLEY, *LCSW-C*, | | |
| JILL SURJCEK, *LCSW-C*, and | * | |
| JEROME M. REYERSON, *LCSW-C*, | | |
| Defendants. | * | |
| | *** | |

## **MEMORANDUM OPINION**

Plaintiff Joshua Ray Tyner, a self-represented Pennsylvania state prisoner incarcerated at SCI-Phoenix in Collegeville, Pennsylvania brings this action pursuant to 42 U.S.C. § 1983. Tyner alleges that beginning in February 2017, employees of the Harford County Department of Social Services ("HCDSS") violated his parental rights by denying him visitation with his daughter and involvement with other aspects of parenting. ECF No. 1. In response to the Complaint, the Defendants filed Motions to Dismiss. ECF Nos. 11, 17. Tyner has not filed an opposition to either Motion. Tyner has filed a Motion for Leave to Amend his Complaint and a Proposed Amended Complaint. (ECF Nos. 22, 24).

No hearing is necessary to resolve the pending dispositive motions. *See* Local Rule 105.6 (D. Md. 2018). For the reasons explained below, the Court will grant Defendants' Motions to Dismiss. Tyner's Motion for Leave to Amend the Complaint is also granted subject to the limitations discussed below.

**Background**

Tyner states that while incarcerated at Lancaster County Prison in Lancaster, Pennsylvania, he learned that his daughter had been born and was in the custody of HCDSS. ECF No. 1 at 3. Tyner's efforts to contact HCDSS by mail and telephone were unsuccessful. *Id.* His mother learned that Defendant Catelin Dagilas was the HCDSS social worker assigned to the case and Tyner contacted Dagilas to request visitation. *Id.* at 3-4. Dagilas told Tyner that a paternity test was first needed to verify that he was the parent. *Id.* at 4. On March 31, 2017, a Judge ordered a paternity test. *Id.* Tyner alleges that Dagilas then intentionally delayed arranging the paternity test until August of 2017. *Id.*

The paternity test verified that Tyner was the biological father, and Tyner advised Dagilas that the Lancaster County Prison required his name on the birth certificate before visitation would be allowed. *Id.* at 4-5. Dagilas advised Tyner that a court order was required to add his name to the birth certificate. *Id.* at 5. Thereafter, in November 2017, Dagilas failed to telephone the prison to have Tyner join a prearranged family involvement meeting. *Id.* at 5-6. During that meeting, HCDSS decided to place the child in the custody of the mother's estranged cousin against the wishes of Tyner. *Id.* at 6. The placement of the child was subsequently approved by Court Order. *Id.* at 6. The Order did not address the issue of adding Tyner to the birth certificate. *Id.* at 5-6.

Tyner was subsequently transferred to a Pennsylvania State Correctional Facility. *Id.* at 6. Tyner completed the necessary forms to arrange visitation with his daughter and mailed additional forms to Defendant Noel Francis, the HCDSS social worker assigned to the case at the time, to complete. *Id.* Francis claimed that she did not received the forms; they were sent to her again, and she then acknowledged receipt of the forms and stated that she would complete them, but then refused to complete them. *Id.* at 6-7.

Tyner states that his parental rights have not been terminated and that visitation was ordered by a State Court Judge in a Child in Need of Assistance ("CINA") action. *Id.* HCDSS has refused to allow Tyner's family members to bring the child to visit him, and HCDSS itself has also refused to bring the child to visit Tyner. *Id.*

As relief, Tyner seeks monetary damages against all Defendants and injunctive relief including an order for weekly visitation with his daughter. *Id.* at 12.

## Standard of Review

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The court need not accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Well-pleaded facts as alleged in the complaint are accepted as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Factual allegations must be construed "in the light most favorable to [the] plaintiff." *Adcock v.*

3

*Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (quoting *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1062 (4th Cir. 1984)).

## Discussion

Defendant, Harford County, Maryland filed a Motion to Dismiss (ECF No. 11) and Defendants Jerome Reyerson, Jill Surjcek, Maureen McKinley, Catelin Dagilas, Noel Francis, and HCDSS ("State Defendants") filed a separate Motion to Dismiss (ECF No. 17).

<u>Harford County, Maryland</u>

Tyner brings claims against HCDSS and individuals he states are employed by HCDSS. He seeks to hold Harford County responsible for the actions of HCDSS and its employees. ECF No. 1 at 8. Harford County seeks dismissal of Tyner's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim asserting that the Harford County Department of Social Services is a state, not county, agency, and as such, Harford County cannot be held responsible for the actions of Defendant HCDSS and its employees. ECF No. 11.

Local Departments of Social Services are State agencies. *Horridge v. St. Mary's Cty. Dep't of Soc. Servs.*, 854 A.2d 1232, 1234 (Md. 2004); *Walker v. Dep't of Human Res.*, 842 A.2d 53, 54 (Md. 2004). Hence, HCDSS is a state agency, and the individual Defendants are not employed by Harford County.

Because HCDSS is not a county agency, Defendant Harford County cannot be held responsible for the conduct of HCDSS and its employees. Further, there are no allegations made against Harford County, its agencies, or employees. The Complaint may not go forward against Harford County, and the Motion to Dismiss is granted.

State Defendants

Tyner brings claims against the State Defendants for damages and injunctive relief. The State Defendants seek dismissal of Tyner's claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 17. Specifically, they argue that: (1) they are immune from suit in federal court under the Eleventh Amendment; (2) the court lacks subject matter jurisdiction under the *Younger* Abstention doctrine; and (3) the complaint fails to state a claim upon which relief can be granted.

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*. (citing *Florida Dep't of Health v. Florida Nursing Home Ass'n,* 450 U.S. 147 (1981) (*per curiam*)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. *See Halderman*, 465 U.S. at 100 ("A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." (emphasis in original)). Accordingly, Tyner's claim for damages against HCDSS is barred by the Eleventh Amendment because it is a state agency that has not waived sovereign immunity.

Additionally, Tyner has named as Defendants, Reyerson, Surjcek, McKinley, Dagilas and Francis who are employees of the state or its agency, HCDSS. The individual Defendants are named in their official capacity only.

In *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), the Supreme Court explained "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)) (citations omitted). Thus, official capacity claims are subject to sovereign immunity under the Eleventh Amendment. *Graham*, 473 U.S. at 167; accord *Hafer v. Melo*, 502 U.S. 21, 25 (1991). For these reasons, Tyner's damage claims against Reyerson, Surjcek, McKinley, Dagilas and Francis are similarly barred under the Eleventh Amendment.

Tyner also seeks injunctive relief, specifically that this Court order weekly visitation for him with his daughter and that "someone from the State of Maryland be appointed to oversee the compliance with such order." ECF No. 1 at 12. The State Defendants assert that due to ongoing CINA proceedings in state juvenile court that include the issue of Tyner's visitation, there is a lack of subject matter jurisdiction based on *Younger*[1] abstention.

The *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists, if there is: '(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.'" *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (quoting *Moore v. City of Asheville*, 396 F.3d 385, 390 (4th Cir. 2005)). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams*

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

*v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)).

Indeed, Tyner's claims for injunctive relief, specifically visitation, are premised on the CINA case pending in state juvenile court. Thus, the *Younger* abstention doctrine applies to Tyner's claims for injunctive relief against the State Defendants and those claims shall be dismissed.

Additionally, matters of family law have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to child custody or visitation decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703-05 (1992).

The Complaint may not proceed against the State Defendants, and the Motion to Dismiss is granted.

<u>Amended Complaint</u>

Tyner filed a proposed amended complaint, which the Court now reviews. Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the court to conduct an initial screening of this complaint. The court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020).

The Amended Complaint brings claims against the same Defendants named in the initial Complaint and additional parties. ECF No. 24. Tyner renews his claims premised on allegations that beginning in February 2017, employees of HCDSS violated his parental rights by denying

7

him visitation with his daughter and involvement with other aspects of parenting.  He brings claims against Defendants Reyerson, McKinley, Dagilas, Francis and Burger in their individual capacity and these claims may go forward.

For the reasons that follow, Defendants Angela M. Eaves, Theodore Hart, James Reilly, State of Maryland, Harford County Department of Social Services, Harford County, Love, Fleming and Bearsch, LLC, Legal Aid Bureau, Jessica Earlbeck and Jill Surjcek, are dismissed from this action.

Maryland State Court Defendants

Tyner names as Defendants James Reilly, Angela M. Eaves and Theodore Hart and alleges that they violated his First Amendment right to access the courts and his Fourteenth Amendment due process rights.  Although Tyner does not identify these individuals by title, James Reilly is the Clerk of the Harford County Circuit Court; Angela Eaves is the Chief and Administrative Judge of the Harford County Circuit Court; and Theodore Hart is a Family Magistrate of the Harford County Circuit Court.[2]

**Judge Eaves and Magistrate Hart**

Tyner states that Magistrate Hart refused to address matters his counsel brought to his attention and did not provide Tyner with a meaningful opportunity to speak during hearings.  ECF No. 24 at 29.  Judge Eaves "allows orders to be issued with no completion date . . . matters to be deferred until those matters are anticipated to be moot . . . and allows Magistrates and Judges untethered authority to arbitrarily decline to hear matters within its jurisdiction without cause."  *Id*. at 28.  In essence, Tyner complains about how Magistrate Hart conducted hearings, and how Judge

---

[2] *See* https://msa.maryland.gov/msa/mdmanual/36loc/ha/html/haj.html

Eaves acted in her capacity as a Chief and Administrative Judge. He seeks an award of damages against both Defendants and injunctive relief against Magistrate Hart in the nature of "an investigation of matters heard and adjudicated . . . by the legislative body for the purpose of impeachment." ECF No. 24 at 29.

Tyner's claims may not proceed against either Judge Eaves or Magistrate Hart because they are entitled to absolute judicial immunity. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 832 (D. Md. 2013) (quoting *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir.2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)) (additional citation omitted)). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Weigel*, 950 F. Supp. 2d at 832 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)); *see also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Tyner's claims against both Judge Eaves and Magistrate Hart pertain to actions taken in their judicial capacity. The claims are barred by judicial immunity and will be dismissed with prejudice.

**Reilly, Clerk of Court**

Tyner brings a claim for damages against Reilly in his individual capacity and states that he "oversees the scheduling process" within the Harford County Circuit Court and delayed scheduling matters until they were anticipated to be moot. ECF No. 24 at 27. Tyner states that

9

these acts "whether done consciously or unconsciously" deprived him of his rights. *Id.* Tyner provides no further details to support his allegations against Reilly.

Tyner has failed to allege sufficient facts establishing that Reilly was personally involved in the alleged scheduling delay. "Section 1983 requires a showing of personal fault, whether based upon the defendant's own conduct or another's conduct in executing the defendant's policies or customs." *Siddha v. Sealing*, Civil Action No. GLR-19-131, 2020 WL 1505709, at *8 (D. Md. Mar. 30, 2020) (quoting *Enow v. Baucom*, No. PWG-16-4042, 2018 WL 925422, at *3 (D. Md. Feb. 16, 2018)); (citing *Coakley v. Welch*, 877 F.2d 304, 306 (4th Cir. 1989) (noting that "a claim of lack of personal involvement is a merits defense in a § 1983 action"), and *Vennedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (explaining that in order for an individual defendant to be liable under § 1983 it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs rights")).

In addition, in a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate

indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Tyner has not provided any information indicating that Reilly took action to delay scheduling. Tyner simply states that there was "delay" and that this was either "conscious or unconscious" and Defendant Reilly is responsible. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Tyner has also not alleged any pattern of widespread abuse necessary to establish supervisory action or inaction giving rise to § 1983 liability. *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability . . . only in those situations in which there is a history of widespread abuse"). Accordingly, Tyner's claims against Reilly will be dismissed without prejudice.

<u>Legal Aid Bureau and Attorney Jessica Earlbeck</u>

In the initial complaint Tyner named the Legal Aid Bureau and Attorney Jessica Earlbeck as Defendants. The Court summarized the claims as follows:

> Tyner alleges that beginning in February of 2017, employees of the Harford County Department of Social Services violated his parental rights by denying him visitation with his child and denying him the right to be included in decisions regarding the child. Compl. 3. Included in his Complaint are allegations that a petition filed in state court to list Tyner on the child's birth certificate was opposed by Jessica Earlbeck, an attorney at the Legal Aid Bureau who represented the minor. *Id.* at 5. Tyner alleges this was done in an effort to prevent him from bonding with his daughter. *Id.* He also claims that the Legal Aid Bureau exercises authority over all of their attorneys and is charged with the oversight of all its attorneys. *Id.* at 10-11.

11

ECF No. 4 at 2.

The Court dismissed the claims, stating that neither Jessica Earlbeck nor the Legal Aid Bureau are state actors amenable to suit in a § 1983 action. Further, the Court held that Tyner had not alleged that there was a conspiracy between either Jessica Earlbeck or the Legal Aid Bureau with state actors, that would allow the claims to go forward.

In the Amended Complaint, Tyner provides essentially the same allegations against Jessica Earlbeck and the Legal Aid Bureau as in the initial complaint. In a section titled "Statement of Claim" Tyner this time adds that Earlbeck and the Legal Aid Bureau "did conspire" with Defendant Dagilas, and potentially other HCDSS employees to deny his federal protected rights. ECF No. 24 at 24-25.

The Court dismissed claims against Defendants Earlbeck and the Legal Aid Bureau for failure to state a claim. Tyner has not alleged facts in the Amended Complaint that alters the claim, or sufficiently states a cause of action. As he was advised, an essential element for a claim of conspiracy to deprive plaintiff of a constitutional right is an agreement to do so among the alleged co-conspirators. *See Ballinger v. NC. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987). Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagon v. First Nat'l Bank*, 639 F.2d 1073, 1075-76 (4th Cir. 1981); *Am. Tobacco Co. v. United States*, 328 U.S. 781, 809-10 (1946) (noting that it was necessary for defendants to share a "unity of purpose or a common design" to cause injury).

Tyner's conclusory statements are insufficient to state a claim of conspiracy. The claims against Earlbeck and the Legal Aid Bureau will be dismissed without prejudice.

### Love, Fleming and Bearsch, LLC

Tyner alleges that attorney Jeffrey N. Burger, employed by the law firm Love, Fleming and Bearsch, LLC ("the law firm") was hired by HCDSS to represent the agency in legal proceedings pertaining to his daughter. Tyner alleges that the law firm conspired with Defendant Ryerson and possibly other employees and officials of the Harford County Department of Social Service to violate his rights. He seeks injunctive relief requiring oversight of the work of the law firm and that they employ an internal compliance officer to handle grievances made against employees.

The law firm is not a state actor. Further, Tyner's claim that the law firm conspired with state actors to violate his constitutional rights lacks any supporting allegations. Tyner's conclusory statements are insufficient to support a claim for relief. The claims against Love, Fleming and Bearsch, LLC will be dismissed without prejudice.

### Harford County

Tyner alleges that Harford County oversees the actions and policies of the Harford County Circuit Court and is responsible for the Court's actions that violated his First Amendment rights. Tyner seeks injunctive relief against Harford County, in the nature of establishing a compliance body to oversee the Court.

Harford County does not oversee the Harford County Circuit Court. The Harford County Circuit Court is part of the Maryland State Court system. Tyner has not stated a claim against Harford County and these claims are dismissed with prejudice.

### Jill Surjcek

Tyner provides no allegations in the amended Complaint regarding Jill Surjcek. Under a section titled "Relief and Liability" he states that Defendant Surjcek is a government agent who

failed to "oversee the actions of subordinate government employees" and "institute a policy that would prevent the violation of individuals' federally protected rights." ECF No. 24 at 22-23. Tyner does not otherwise identify Defendant Surjcek.

Tyner has not stated a claim against Surjcek, as he has provided no allegations pertaining to her. Accordingly, Tyner's claims against Surjcek will be dismissed without prejudice.

<u>Defendant State of Maryland and HCDSS</u>

Tyner seeks injunctive relief only against the State of Maryland and HCDSS in the nature of establishing policies and oversight. Raised as a defense by the State Defendants in their Motion to Dismiss, and as discussed previously, the state, its agencies and departments are immune from suit in federal court under the Eleventh Amendment. "[T]o avoid an Eleventh Amendment bar to suit on this basis, the complaint must be lodged against a state official, and it must 'alleg[e] an ongoing violation of federal law and see[k] relief properly characterized as prospective.'" *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645,(2002)).

Tyner has not brought these claims against state officials, but against the state and a state agency and the claims may not proceed. Claims against the State of Maryland and HCDSS will be dismissed with prejudice.

**Conclusion**

Defendants' Motions to Dismiss are granted. Tyner's Amended Complaint may go forward against Defendants Reyerson, McKinley, Dagilas, Francis and Burger. Claims against Defendants State of Maryland, Harford County Department of Social Services, Harford County, Judge Eaves, and Magistrate Hart are dismissed with prejudice. Claims against Defendants Love, Fleming and Bearsch, LLC, Legal Aid Bureau, Jessica Earlbeck, Jill Surjcek, and Reilly are dismissed without prejudice.

A separate Order follows.


__March 2, 2021_____          _____/S/_____
Date                              Paul W. Grimm
                                  United States District Judge