IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSHUA RAY TYNER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-19-2529 |
| CATELIN DAGILAS, *LGSW*, NOEL FRANCIS, *LGSW*, MAUREEN McKINLEY, *LCSW-C*, JEROME M. REYERSON, *LCSW-C*, and JEFFREY N. BURGER, | * * * | |
| Defendants. | *** | |

## **MEMORANDUM OPINION**

Plaintiff Joshua Ray Tyner, a self-represented Pennsylvania state prisoner, brings this action pursuant to 42 U.S.C. § 1983.[1]  In his Amended Complaint, Tyner alleges that beginning in February 2017, employees of the Harford County Department of Social Services ("HCDSS") violated his parental rights by denying him visitation with his daughter and through their involvement with other aspects of parenting.  ECF No. 24.  Tyner also alleges that Defendant Burger, a private attorney, hired to represent HCDSS, engaged in activity that violated his constitutional rights.  *Id.*

In response to the Amended Complaint, the Defendants filed Motions to Dismiss.  ECF Nos. 27, 48.  Tyner filed an opposition to both Motions.  ECF Nos. 51, 54.

No hearing is necessary to resolve the pending dispositive motions.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons explained below, the Court will grant Defendants Reyerson,

---

[1] The Court previously directed that Tyner's Amended Complaint may go forward against Defendants Reyerson, McKinley, Dagilas, Francis, and Burger, and dismissed all remaining Defendants.  ECF Nos. 25-26.

McKinley, Dagilas, and Francis's Motion to Dismiss Tyner's Eighth Amendment claim, and deny the motion as to all other claims. Defendant Burger's Motion to Dismiss is granted.

**Background**

Tyner states that while incarcerated at Lancaster County Prison in Lancaster, Pennsylvania, he was notified by HCDSS that his daughter had been born and was in custody of the agency in the State of Maryland. ECF No. 24 at 6. Tyner's efforts to contact HCDSS by mail and telephone were unsuccessful. *Id.* His mother learned that Defendant Catelin Dagilas was the HCDSS social worker assigned to the case, and Tyner contacted Dagilas to request visitation. *Id.* Dagilas told Tyner that a paternity test was first needed to verify that he was the parent. *Id.* On March 31, 2017, the Harford County Circuit Court ordered a paternity test. *Id.* at 7. Tyner alleges that Dagilas then intentionally delayed arranging the paternity test until August 2017. *Id.*

The paternity test verified that Tyner was the biological father, and Tyner advised Dagilas that the Lancaster County Prison required his name on the birth certificate before visitation would be allowed. *Id.* Dagilas advised Tyner that a court order was required to add his name to the birth certificate. *Id.* Tyner's family, located in Delaware, underwent a background check, including a home study to be considered a potential placement for Tyner's daughter. *Id.* at 8. The State of Delaware "authorized" the family as a viable resource for Tyner's daughter and sent confirmation documents to Dagilas. *Id.* For over one month, Dagilas denied receipt of the documents. *Id.*

HCDSS authorized Tyner's daughter to stay with the "purported estranged cousins" of the child's mother, without court order. *Id.* at 8. The cousins had full discretion to approve visits by Tyner's family with the child. *Id.* At a visit with the child, Tyner's mother was told by one of the cousins that arrangements were being made for her to adopt the child. *Id.* at 9. At this time, the HCDSS permanency plan was reunification with a parent. *Id.* Tyner requested information about

the health and cognitive development of his daughter from Dagilas, but she refused to provide the information due to the "nature" of Tyner's incarceration. *Id.* Dagilas told Tyner to request the information directly from the cousin who had the child. *Id.*

Thereafter, in November 2017, Dagilas failed to telephone the prison to have Tyner join a prearranged family involvement meeting. *Id.* at 9-10. During that meeting, HCDSS decided to place his daughter in the custody of the mother's estranged cousins, against the previously expressed wishes of Tyner. *Id.* at 10. The placement of the child with the cousins was subsequently approved, by order issued in a Child in Need of Assistance proceeding in state court. *Id.* at 10. The order did not address the issue of adding Tyner to the birth certificate, although the issue was raised by Tyner's counsel. *Id.* at 10-11.

Tyner sent cards and letters to his parents to deliver to his daughter at visitation, but did not have the financial means to call her. *Id.* at 11. Tyner requested information concerning his daughter's development, health, and well-being from Dagilas' supervisor, Defendant Maureen McKinley, who passed the request to Dagilas. *Id.* at 12. Dagilas then denied the request. *Id.* Tyner then telephoned Dagilas to ask why his request was denied and she told Tyner she would check with the "legal department" about the information he requested, but Dagilas never relayed information back to Tyner, or returned his telephone calls. *Id.*

A Lancaster County, Pennsylvania, Child and Youth Services Social Worker at the prison left a voice message for Dagilas to arrange one visit for Tyner with his daughter before he was transferred to another facility. *Id.* at 12-13. Dagilas did not return the telephone call. *Id.* at 13.

Tyner was subsequently transferred to a Pennsylvania State Correctional Facility. *Id.* He received notice from the Harford County Circuit Court that an adoption petition had been filed by HCDSS. *Id.* Tyner completed the forms to contest the petition and sent the forms to HCDSS. *Id.*

3

In September 2018, the mother of Tyner's daughter passed away. *Id* at 13. Tyner was visited by his attorney along with Defendant Noel Francis, HCDSS social worker. He was asked to sign a "service agreement contract" but refused to do so. *Id.* at 13-14. Tyner agreed to a "mediation" with the custodial cousins and refused to relinquish his parental rights. *Id.* at 14. Tyner requested a mailing address to communicate with his daughter, and Francis agreed to provide an address, but did not do so. *Id.*

On December 6, 2018, a Termination of Parental Rights trial began and Tyner was not present. *Id.* at 15. Tyner states that Dagilas, with the assistance of Defendant Burger, counsel for HCDSS, prepared and presented false testimony indicating that Tyner had made no attempts to request visitation with his daughter, inquire about her well-being, or attempt to contact her. *Id.*

HCDSS Defendants describe the court action as a guardianship proceeding under Maryland law. ECF No. 27-1 at 5. *See* Md. Cod Ann., Fam. Law § 5-313. If the guardianship is contested, the juvenile court may grant the petition only upon finding that terminating the rights of each of the child's parents best serves the child's interests. *Id.* § 5-323(b). As of April 1, 2021, the guardianship trial had not been completed. ECF No. 27-1 at 6.

In or around February 2019, Tyner filed a complaint with Defendant Reyerson, Acting Director of HCDSS, against Dagilas and Francis, for submitting "fabricated and misleading" court documents. ECF No. 24 at 15. Reyerson "directed" the complaint to Burger for investigation. Burger found the complaint unfounded, without questioning Tyner or Tyner's family about statements made in the pertinent documents filed with the court. *Id.*

Tyner completed and mailed forms to Francis to complete to allow Tyner to have visitation with his daughter. *Id.* at 16. Francis claimed that she did not receive the forms. The forms were sent to her again, and she then acknowledged receipt of the forms and stated she would complete

4

them, but did not do so. *Id.* at 16-17. Tyner states that status proceedings are held every six months regarding the well-being of his daughter, and his parents have been denied visitation with the child by the cousins who retain custody. *Id.* at 17.

As relief, Tyner seeks monetary damages against remaining Defendants. *Id.* at 20-25.

## Standard of Review

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The court need not accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Well-pleaded facts as alleged in the complaint are accepted as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Factual allegations must be construed "in the light most favorable to [the] plaintiff." *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (quoting *Battlefield Builders, Inc. v. Swango,* 743 F.2d 1060, 1062 (4th Cir. 1984)).

**Discussion**

At the outset, the Court notes that Tyner's Amended Complaint was initially screened under the provisions of the Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. and specific claims against particular Defendants were allowed to proceed. Thereafter, Defendants Jerome Reyerson, Maureen McKinley, Catelin Dagilas, and Noel Francis filed a Motion to Dismiss (ECF No. 27) and Defendant Jeffrey Burger filed a separate Motion to Dismiss (ECF No. 48).

**Reyerson, McKinley, Dagilas, Francis**

Tyner brings claims against employees of HCDSS, namely, Reyerson, McKinley, Dagilas and Francis. These Defendants seek dismissal of Tyner's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 27. Specifically, they argue that: (1) Tyner was not deprived of any parental interest without due process because he has no right to familial association with a child he has never met, and further, that the amended complaint states no facts to establish he was deprived of any parental interest without due process; (2) Tyner's Eighth Amendment rights were not violated by Maryland Social Workers; and (3) Defendants are immune from suit in federal court for damages under the Eleventh Amendment, and Dagilas and Francis have absolute immunity for testifying against Tyner.

Tyner responds by asserting (1) Defendants interfered with his ability to develop a relationship with his child, and the state has no adequate post-deprivation remedy; (2) Defendants have violated his Eighth Amendment rights because his status as a convicted offender was the basis for their actions; (3) Defendants are not immune from federal suit under the Eleventh Amendment insofar as they have been sued in their individual capacities, and his claim for damages is not based on challenging false testimony, but rather to indicate the Defendants' intent to ensure the adoption of his child. ECF No. 51.

Eleventh Amendment Immunity

Defendants argue that they are immune from federal action seeking damages under the Eleventh Amendment because the State of Maryland is the "real party in interest." ECF No. 27-1 at 13-14.  Defendants state that although Tyner sues each state Defendant in their "individual capacity" he has not pleaded that the state Defendants took "any express *actions*" but rather Defendants are liable due to omission of action taken in their "official capacity." *Id.*

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents.  *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  The Court previously determined that Tyner's claims could go forward against the HCDSS Defendants in their individual capacities as pleaded in the Amended Complaint.  *See* ECF Nos. 25-26.  Contrary to Defendants' assertion, Tyner has specifically alleged that each individual state actor took action to deny him his constitutional rights, and his claims are not barred by the Eleventh Amendment.

Absolute Immunity for Testimony

Defendants assert that Dagilas and Francis have absolute immunity for action taken to prepare court documents, and that Dagilas has absolute immunity for testimony provided in court proceedings.  ECF No. 27-1 at 14-15.  Tyner counters by asserting that Defendants' actions are indicative of their actions to deprive him of his constitutional rights and he does not base his claim on these actions alone. ECF No. 51 at 10.  Tyner provides detailed allegations pertaining to Dagilas and Francis' actions, that include, but are not premised alone, on court action. Taken in this context, Tyner has provided sufficient allegations for his claims to proceed forward against both Dagilas and Francis.

Deprivation of Parental Interest

Defendants present an argument that Tyner was not deprived of any parental interest without due process of law. ECF No. 27-1 at 7. Defendants assert that Tyner has failed to allege that he has a right to familial association protected by the First Amendment, and that he has failed to allege a procedural due process violation. ECF No. 27-1 at 8-11.

Taking first the First Amendment familial association argument, Defendants state that Tyner has no more than a genetic link to the child, and in the absence of a relationship with the child, he has not stated a claim. ECF No. 27-1 at 8-10. Defendants do not address Tyner's detailed allegations of the actions taken by Defendants, that he asserts impeded his ability to develop a relationship with his child. ECF Nos. 24; 51 at 6-7. These overlooked allegations are critical to Tyner's claim.

The Fourth Circuit has held that familial privacy extends to "(1) thwarting governmental attempts to interfere with particularly intimate family decisions, and (2) voiding government actions that sever, alter, or otherwise affect the parent/child relationship." *Hodge v. Jones*, 31 F.3d 157, 163 (4th Cir. 1994) (citation omitted). Based on the allegations presented by Tyner, he has sufficiently alleged that defendants' actions were "designed to have, have had, or even will have, a significant impact on the parent-child relationship or on their family's ability to function" which are the elements to establish a privacy infringement of constitutional magnitude. *Hodge,* 31 F.3d at 164 (citation omitted). This claim may proceed.

Second, Defendants assert that Tyner has failed to allege a procedural due process claim pertaining to deprivation of his parental interests. ECF No. 27-1 at 10-11. Defendants package Tyner's claims as allegations that "the State Defendants merely omitted to provide him social services, from a state in which he was not present, to facilitate his ability to engage in specific

activities." *Id.* at 11. Defendants further state that Tyner had a right to attend juvenile court proceedings, with counsel, and that the proceedings provided plaintiff with the right to receive reports and information regarding the child's well-being. *Id.*

A procedural due process claim has three elements: (1) a constitutionally cognizable life, liberty, or property interest; (2) a deprivation of that interest was caused by some form of state action; and (3) that the procedures employed were constitutionally inadequate. *See Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (internal quotations and citations omitted). Tyner has adequately plead a violation of his privacy interests by Defendants' interference with his ability to develop a relationship with his child. Tyner has also alleged that numerous actions taken by the HCDSS Defendants interfered with his ability to develop a relationship with his child throughout an extensive period of time. Tyner further alleges that the defendants refused to facilitate services or properly respond to his complaints. It would be premature to dismiss Tyner's procedural due process claims at this juncture.

Eighth Amendment

Defendants assert that Tyner's Eighth Amendment claim should be dismissed because it applies only to "prison officials who have a duty to protect prisoners." *Farmer v. Brennan*, 511 U.S. 825, 823 (1994) (internal quotation marks omitted). ECF No. 27-1 at 11-13. Defendants assert that they did not have any affirmative duty to protect Tyner and provide for his basic human needs while he was incarcerated in a jail in a different state. *Id.* at 12. Tyner counters that Defendants treated him unfairly due to his status as a convicted prisoner and this is cruel and unusual punishment under the Eighth Amendment. ECF No. 51 at 8-9.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "protects inmates from inhumane treatment and conditions

while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment is violated when an inmate is subjected to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) ).

Tyner's claim pertains to the action of individual HCDSS employees who treated him "unfairly" on matters relating to his contact with his child. These allegations do not amount to a conditions-of-confinement claim, or any other matter to which his health or safety was put in jeopardy. The Eighth Amendment is inapplicable to Tyner's claim and is dismissed.

### Attorney Jeffrey N. Burger

Attorney Burger seeks dismissal of Tyner's claims under Federal Rule of Civil Procedure 12. ECF No. 48. As discussed below, the court finds that Burger was not a state actor nor did he conspire with state actors, for purposes of § 1983 liability.

Burger asserts that as a private attorney who represented HCDSS in proceedings related to Tyner's daughter, he is not a state actor for purposes of a § 1983 claim. In his amended complaint, Tyner cites specifically to a complaint he filed in or around February 2019, with Reyerson, Acting Director of HCDSS, against Dagilas and Francis for submitting "fabricated and misleading" court documents. ECF No. 24 at 15-16; ECF No. 51-1 at 26. Tyner states that Reyerson "directed" the complaint to Burger for investigation, who found the complaint unfounded, without questioning Tyner about statements made in court. ECF No. 24 at 15. Tyner also alleges that Burger prepared Dagilas to "lie under oath" to state that Tyner never requested visitation with his daughter. *Id.*

A private attorney acting in the role of representing a state agency in court proceedings is not a state actor because providing legal services is not a power which the lawyer "possessed by virtue of state law." *Dyer v. Md. State Bd. of Educ.*, 685 F. App'x 261, 263 (4th Cir. 2017) citing

*Polk Cty. v. Dodson*, 454 U.S. 312, 317–18. (1981) (internal quotation marks omitted). The facts alleged here by Tyner do not alter the outcome. Burger was representing the interests of HCDSS in the proceedings, and it was in this role that he acted. Tyner has failed to allege that Burger is a state actor.

Further, Tyner's assertions that Burger conspired with state actors making him liable under § 1983 also fail to state a claim. To establish civil conspiracy under § 1983, plaintiff must present evidence that defendants acted jointly in concert with state actors and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). As this court has held, an attorney representing a client cannot conspire within the attorney-client relationship. *Hanifee v. Bd. of Educ. of Kent Cty.*, Civil Action No. RDB-09-2381, 2010 WL 723772 at *7 citing *Horen v. Bd. of Educ.*, 594 F. Supp. 2d 833, 841 (N.D. Ohio 2009). Because Burger's actions were taken in his role as attorney for his client, HCDSS, he cannot be held to have conspired with a state actor for purposes of a § 1983 claim. Claims against defendant Burger are dismissed.

## Conclusion

The Motion to Dismiss filed by Defendants Reyerson, McKinley, Dagilas, and Francis is granted as to Tyner's Eighth Amendment claim and denied as to all other claims. Defendant Burger's Motion to Dismiss is granted and claims against him are dismissed. Pro bono counsel shall be appointed to assist Plaintiff with the claims that survived.

A separate Order follows.

<u>March 2, 2022</u>    <u>        /S/            </u>
Date      Paul W. Grimm
        United States District Judge